UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| JEFFERY LEE MARTIN | CIVIL ACTION NO. 21-0585 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| AFFORDABLE CARE, LLC, ET AL. | MAGISTRATE JUDGE MCCLUSKY |

## MEMORANDUM RULING

Before the Court is a Motion for Preliminary and Permanent Injunction (Record Document 24) filed by Defendants Affordable Care, LLC ("Affordable") and Thomas Kennedy, DDS of Louisiana II, A Professional Dental LLC ("Kennedy PDLLC") (collectively referred to as "Defendants") seeking injunctive relief. Plaintiff Jeffery Lee Martin, DDS, A Professional Dental Corporation ("Martin PDC" or "Plaintiff")[1] opposed the motion. See Record Document 32. Defendants replied. See Record Document 34. For the reasons set forth below, the Motion for Preliminary Injunction is **DENIED**. The Motion for Permanent Injunction is **DEFERRED TO TRIAL**.

## FACTUAL AND PROCEDURAL BACKGROUND

This matter centers around a sublease executed between Martin PDC and Affordable. The Court described in great detail the factual background of this case in a recent Memorandum Ruling denying summary judgment. See Record Document 71. The Court adopts those facts by reference and does not see the need to repeat those facts in their entirety here. However, the facts relevant to the instant Motion are as follows:

---

[1] For purposes of this ruling, any reference to Dr. Jefferey Lee Martin in his individual capacity will be referenced as "Dr. Martin" to delineate between Dr. Martin's dentistry practice (Martin PDC) and Dr. Martin himself.

Martin PDC became affiliated with Affordable's predecessor-in-interest, Affordable, Inc. ("Affordable, Inc.") in 2000. See Record Document 45-1 at 6. Affordable is a dental support organization that provides non-clinical business support services to dentists and assists dentists in establishing their dental practice. See Record Document 44-1 at 4. Affordable leased – from a third party unrelated to the instant suit – a dental office located at 416 Ashley Ridge Blvd., Shreveport, Louisiana, 71106 ("the Premises"), pursuant to a Lease dated August 5, 2002 (the "Prime Lease"), as amended by Lease Addendum dated June 5, 2003, Lease Amendment and Assignment dated November 29, 2007, Lease Amendment dated September 1, 2008, and Lease Amendment dated March 16, 2020. See Record Document 44-1 at 4. The current term of the Prime Lease is set to expire on August 31, 2025, with one option to extend the Lease for an additional five-year period until August 21, 2030. See id. According to the Prime Lease, Affordable has the right to use and enjoy the Premises so long as Affordable complies with the Prime Lease and is not in default thereunder. See Record Document 6-1 at 11; see also Record Document 44-1 at 4.

On July 1, 2003, Affordable, Inc. and Martin PDC entered into three agreements: (1) an Agreement to Provide Management Services ("the MSA"); (2) an Agreement to Provide Dental Laboratory Services ("the ADDL"); and (3) a sublease, in which Affordable, Inc. subleased the Premises to Martin PDC ("the Sublease"). See Record Document 45-1 at 7. The purpose of the Sublease, according to Defendants, was to provide a dental office and related services pursuant to the MSA. See Record Document 44-1 at 4. The term of the Sublease was one year to be automatically extended for successive one-year terms as long as the MSA was in effect. See Record Document 47-4 at 1. The Sublease

contains a provision ("hereinafter referred to as "Section 17") through which Martin could acquire the Premises or assume the Prime Lease. See id. at 10-11.

It appears that the parties operated amicably pursuant to these agreements (the MSA, the ADDL, and the Sublease) until August 2020. On August 31, 2020, Dr. Martin, through his entity Crimson Tide Investments, LLC[2] ("Crimson Tide") purchased the Premises from Affordable's landlord. See Record Document 44-2. Dr. Martin is the sole member of Crimson Tide. See Record Document 45-1 at 11. That same day (August 31, 2020), Martin PDC sent notice to Affordable of its intent to invoke the option in Section 17 to acquire Affordable's interest in the Sublease. See id. at 9. Defendants state that on October 20, 2020, Dr. Martin advised Affordable that Crimson Tide now owned the Premises and demanded rent payments. See Record Document 6 at 9. On October 26, 2020, Affordable executed three contracts with Kennedy PDLLC: (1) an Equipment Sale and Leaseback Agreement; (2) a Secured Promissory Note; and (3) an Assignment of Lease. See Record Document 45-1 at 9-10. Two days later, on October 28, 2020, Affordable notified Martin PDC of material breaches of the MSA.[3] See Record Document 44-1 at 6. On November 29, 2020, Affordable sent a letter to Martin notifying it that the MSA was terminated and that the termination of the MSA resulted in the termination of the Sublease, so Martin PDC no longer had the right to possess the Premises. See id. at 7.

---

[2] Crimson Tide Investments, LLC has since been made a Third-Party Defendant in this matter.
[3] These "material breaches" are being arbitrated pursuant to the arbitration provision of the MSA and are thus outside the scope of this litigation.

On December 1, 2020, Affordable instituted a summary proceeding by filing a Petition and Rule for Eviction in the First Judicial District for the Parish of Caddo, State of Louisiana (hereinafter referred to as the "Eviction Proceedings"). See id. at 8. Kennedy PDLLC joined in the matter as a Plaintiff, asserting its rights as owner of the equipment at issue and as assignee of rights in the Sublease at issue. See id. The state court denied the request for eviction, finding that certain steps for Martin PDC to invoke and attempt to complete an option in the Sublease had not been fulfilled and eviction could not occur until that process, i.e., the option process, had been completed. See id. That decision was affirmed by the Louisiana Court of Appeals for the Second Circuit. See id. The Louisiana Supreme Court denied the *Writ of Certiorari*. See Record Document 65.

Martin PDC filed the instant suit in the First Judicial District for the Parish of Caddo on March 2, 2021, seeking a declaratory judgment and injunctive relief under Section 17 of the Sublease. See Record Document 1-1 at 1. Defendants removed the suit to this Court. See Record Document 1. Defendants filed the instant Motion for Preliminary and Permanent Injunction seeking to enjoin Martin PDC from its "continued unlawful and harmful use of the equipment and Premises at issue." Record Document 34.

## LAW AND ANALYSIS

### I. Preliminary Injunction Standard

"A preliminary injunction is an 'extraordinary and drastic remedy'; it is never awarded as of right." Munaf v. Geren, 553 U.S. 674, 689-90 (2008) (internal citations omitted). "…[T]he purpose of a preliminary injunction is always to prevent irreparable injury so as to preserve the court's ability to render a meaningful decision on the merits." Meis v. Sanitas Serv. Corp., 511 F.2d 655, 656 (5th Cir. 1975) (internal citations omitted).

"The decision to grant or deny a preliminary injunction is discretionary with the district court." Mississippi Power & Light Co. v. United Gas Pipe Line Co., 760 F.2d 618, 621 (5th Cir. 1985).

A party seeking a preliminary injunction under Rule 65 must show: (1) a substantial likelihood of success on the merits; (2) that the movant will suffer irreparable injury without the injunction; (3) that the threatened injury to the movant outweighs the threatened harm to the party whom he seeks to enjoin; and (4) that granting the injunction will not disserve the public interest. See Lakedreams v. Taylor, 92 F.2d 1103, 1107 (5th Cir. 1991). An injunction should only be granted if the movant has clearly carried the burden of persuasion with respect to all four factors. See Allied Marketing Group, Inc. v. CDL Marketing, Inc. 878 F.2d 806, 809 (5th Cir. 1989); see also Mississippi Power & Light, 760 F.2d at 621.

To prove a likelihood of success on the merits, the moving party must show that it will "likely prove" the merits of its claims. See Mylan Institutional LLC v. Aurobinado Pharma Ltd., 857 F.3d 858, 866 (5th Cir. 2017). The standard for proving irreparable injury is not a mere possibility, but a likelihood:

> Our frequently reiterated standard requires plaintiffs seeking preliminary relief to demonstrate that irreparable injury is likely in the absence of an injunction. Issuing a preliminary injunction based only on a possibility of irreparable harm is inconsistent with our characterization of injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief.

Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 22 (2008) (internal citations omitted). The third prong of the test requires the Court to balance the harm that would be suffered by the movants if the injunction were denied against the possible harm that would result to the opposing party if the injunction were granted. See Mississippi Power & Light Co.,

760 F.2d at 626. The fourth prong of the test requires the Court to determine whether granting the injunctive relief will disserve the public interest. See id. at 625-26.

## II. Analysis

### a. Likelihood of Success on the Merits

Affordable asserts it is substantially likely to prevail on the merits, due to the fact that the Sublease and the MSA have terminated and Martin PDC therefore has no lawful right to continue occupying the Premises. See Record Document 24-1 at 6. Specifically, Affordable argues that the Sublease contained a specific time for performance, which has now passed, making the perfection of the alleged option in Section 17 an impossibility. See Record Document 34 at 5. Martin PDC counters this, arguing that its attempt to exercise the option to acquire Affordable's interest in the Prime Lease and the dental assets pursuant to Section 17 of the Sublease is valid and precludes a finding that Affordable is substantially likely to prevail on the merits. See Record Document 32 at 20-22.

"To evaluate the [movant's] likelihood of success we determine what is the proper standard to be applied in evaluating [the movant's] claims, and then we apply that standard to the facts presented in the record." Miss. Power & Light Co., 760 F.2d at 622. Here, the proper standard is whether Section 17 of the Sublease is an enforceable contractual option under the Louisiana Civil Code and whether Martin PDC validly exercised this contractual option. Thus, to prevail on the first factor of a preliminary injunction, Defendants must show that either (1) the contractual option contained in Section 17 is not a valid option or (2) Martin PDC did not validly exercise its option pursuant to Section 17.

In the Motion for Preliminary and Permanent Injunction, Defendants cited many of the same arguments that the Court addressed in the recent Memorandum Ruling denying summary judgment. See Record Documents 24-1 and 34; see also Record Document 44-1. Likewise, Plaintiff articulated many of the same arguments in its Opposition to the instant Motion as it cited in its Motion for Summary Judgment. See Record Document 32; see also Record Document 45. The Court addressed these arguments in great detail in the Memorandum Ruling denying summary judgment.

In the recent Memorandum Ruling, this Court determined that the option provided for in Section 17 is valid and enforceable. See Record Document 71 at 13. The Court also analyzed the parties' arguments regarding whether Martin PDC validly exercised the contractual option contained in Section 17. See id. at 13-14. The Court found that neither Martin PDC nor Defendants were entitled to summary judgment on the issue, noting the categorial disagreement on crucial issues that can only be resolved by the finder of fact. See id. Such issues include the motive and intent behind the parties' timing of certain events. See id. at 17.

The Court adopts by reference the same analysis here. Defendants have failed to present evidence that Section 17 is not a valid option agreement. Likewise, Defendants failed to show that they are substantially likely to succeed on the merits of their claim that Martin PDC failed to validly exercise its option pursuant to Section 17. At best, Defendants have articulated a genuine issue for trial. However, the Court finds that this cannot serve as the basis for finding substantial likelihood of success on the merits. Therefore, Defendants have not met their burden of persuasion in establishing the first factor for injunctive relief.

### b. The Remaining Requirements for Injunctive Relief

Martin PDC further challenges whether Defendants have satisfied the remaining requirements for injunctive relief, including a showing of irreparable harm and that the balance of harm weighs in favor of issuing injunctive relief. Because Defendants have not established a likelihood of success on the merits, the Court need not address the remaining requirements for injunctive relief.

### c. Permanent Injunction

Finally, the Court notes that Affordable's request for a permanent injunction is premature. To the extent that the instant Motion requests the Court grant a permanent injunction, such request is deferred to trial.

## CONCLUSION

For the foregoing reasons, Affordable has not satisfied the requirements for a preliminary injunction under Rule 65 of the Federal Rules of Civil Procedure because Defendants did not establish a likelihood of success on the merits. Accordingly, Defendants' Motion for Preliminary Injunction (Record Document 24) is **DENIED**. Defendants' Motion for Permanent Injunction is **DEFERRED TO TRIAL**.

An order consistent with the terms of this memorandum ruling shall issue herewith.

**THUS DONE AND SIGNED** in Shreveport, Louisiana, on this 30th day of November, 2022.

_____
S. MAURICE HICKS, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT