UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | | |
|---|---|---|
| JEFFREY LEE MARTIN, DDS, A PROFESSIONAL DENTAL CORPORATION | : | CIVIL ACTION NO. 21-cv-00585 |
| VERSUS | : | CHIEF JUDGE S. MAURICE HICKS, JR. |
| AFFORDABLE CARE, LLC, ET AL | : | MAGISTRATE JUDGE KAYLA D. McCLUSKY |

## PRETRIAL ORDER

Following pretrial proceedings in this cause pursuant to the procedure of this Court, **IT IS ORDERED:**

A.

Martin PDC:

This is an action to enforce provisions of the Sublease entered into on July 1, 2003, and specifically Paragraph 17 thereof regarding acquisition of Defendants' interest in the premises, including furniture and fixtures, and for damages and costs in connection of enforcement therewith.

Affordable/Kennedy Practice:

This action also contains a Counterclaim and Third Party Demand brought by Affordable Care, LLC ("Affordable") and Thomas Kennedy, DDS of Louisiana II, A Professional Dental, LLC ("Counter-Plaintiffs"). The Court has granted Affordable Care and the Kennedy Practice's Motion for Summary Judgment in part, finding that Affordable Care's Prime Lease is still ongoing and has not been breached or terminated. Affordable Care and the Kennedy Practice also seek a declaratory judgment that the Sublease has been terminated, that Martin PDC has no right to continue possessing the property and the equipment and fixtures therein, and that Counter-Plaintiffs have the right to possess the property, equipment, and fixtures.

The Counterclaim also seeks damages related to the following claims:
- Crimson Tide's breach of the duty to maintain Counter-Plaintiff's peaceful possession of the Premises;
- Crimson Tide's breaches of the Prime Lease;
- Martin PDC and Crimson Tide's wrongful eviction of Counter-Plaintiffs from the Premises;

- Martin PDC and Crimson Tide's conversion of Counter-Plaintiffs' equipment and materials;
- Martin PDC's unjust enrichment through the use, benefit, and profit from Counter-Plaintiffs' materials and equipment, performing dental procedures, without compensating Counter-Plaintiffs' for such use, and benefitting from Counter-Plaintiffs' rent, insurance, taxes, and other expenses paid by Counter-Claimants for the Premises;
- Property damage due to Martin PDC's removal and destruction of Affordable's signage; and
- Unfair trade practices related to Martin PDC and Crimson Tide's unfair competitive tactics, including but not limited to the improper use of Affordable's confidential information and trade secrets, barring Affordable from operating unhindered and without competition in the marketplace, allowing a direct national competitor of Affordable, Edge Dental, to use and profit from Affordable's fully operational lab and use Affordable's equipment and supplies, and forcing Affordable to continue paying rent despite barring Affordable from the Premises and allowing a competitor to operate out of the Premises.

Motions in Limine are pending.  In light of the Court's rulings issued on November 28th and November 30th, 2022 (R. Docs. 71, 72, 73 and 74), Counter Plaintiffs intend to seek leave to file additional Motions in Limine relating to certain issues addressed in or raised by the rulings.

- Plaintiffs object to the filings of additional *Motions in Limine*.

B.

The parties and their legal relationships are as follows:  Jeffrey Lee Martin, DDS, A Professional Dental Corporation, Plaintiff and Counter-Defendant; Crimson Tide Investments, LLC, Third Party Defendant; Affordable Care, LLC, Defendant and Counter-Plaintiff; Thomas Kennedy, DDS of Louisiana II, A Professional Dental, LLC, Defendant and Counter-Plaintiff.

C.

Statement of Jurisdiction:  This matter was filed in Louisiana state district court by Jeffrey Lee Martin, DDS, a Professional Dental Corporation on March 2, 2021, and was removed by Affordable Care, LLC and Thomas Kennedy, DDS of Louisiana II, A Professional Dental, LLC on March 5, 2021, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446.

1. Jeffrey Lee Martin, DDS, A Professional Dental Corporation is a Louisiana corporation, whose officer is a citizen of the State of Louisiana;

2. Crimson Tide Investments, LLC is a Louisiana limited liability company, whose sole member is a citizen of Louisiana;

3.      Affordable Care, LLC is a limited liability company formed in North Carolina with its principal place of business in Morrisville, North Carolina. Its sole member and owner is Affordable Care Intermediate Holdings, LLC; which is a Delaware limited liability company, whose sole member is Affordable Care Holding Corp., a Delaware corporation.

4.      Thomas Kennedy, DDS of Louisiana II, A Professional Dental, LLC is a limited liability company. Its two members are Thomas J. Kennedy, who is domiciled in Oklahoma, and Stephanie K. Harding, who is domiciled in Tennessee.

The amount sought by Affordable Care, LLC and Thomas Kennedy, DDS of Louisiana II, A Professional Dental, LLC exceeds $75,000.00.

D.

The following facts are stipulated by the parties and require no proof:

1. Dr. Jeffrey Martin is the sole member of Martin PDC.
2. Dr. Jeffrey Martin is the sole member of Crimson Tide, LLC.
3. On November 28, 2022, the Court granted Affordable's Motion for Partial Summary Judgment in part, ruling that the Prime Lease is ongoing and has not been breached or terminated.
4. On August 5, 2002, Affordable leased the Premises from Sundog, LLC (the "Prime Lease"), as Amended by Lease Addendum dated June 5, 2003, Lease Amendment and Assignment dated November 29, 2007, Lease Amendment dated September 1, 2008, and Lease Amendment dated March 16, 2020.
5. The current term of the Prime Lease is set to expire on August 31, 2025, with one option to extend the Lease for an additional five (5) year period until August 31, 2030.
6. On July 1, 2003, Affordable Care, Inc. (which later became Affordable Care, LLC) and Jeffrey Lee Martin, DDS, A Professional Dental Corporation ("Martin PDC") signed a Lease Agreement (the "Sublease") under which Affordable subleased the Premises to Martin PDC.
7. On July 1, 2003, Affordable Care, Inc. (which later became Affordable Care, LLC) and Martin PDC executed the Agreement to Provide Management Services to a Dental Practice (the "MSA").
8. In 2003, Martin PDC and Affordable Care, LLC ("Affordable") entered into the following three (3) contracts: (1) the "MSA; (2) the Agreement to Provide Dental Laboratory Services (the "ADDL"); and (3) the Sublease.
9. The Sublease was for a "fully furnished and equipped Affordable Dentures Center" located at 416 Ashley Ridge, Blvd. Shreveport, Louisiana (the "Premises").
10. Affordable Care Inc. converted to a Limited Liability Corporation and began using the name, Affordable Care, LLC.

11. On November 29, 2007, LT Management-Applebee's, LLC ("LT Management") purchased the Premises from Sundog, LLC and assumed the Prime Lease.
12. On August 11, 2020, all ownership interest in Crimson Tide was assigned to Dr. Jeffrey Martin.
13. On August 31, 2020, Dr. Martin, on behalf of his entity Crimson Tide, executed an Act of Sale for the purchase of the Premises. The seller of the Premises was LT Management-Applebees, LLC ("LT Management")
14. Jonathan Hipp is a member of LT Management.
15. Dr. Martin and Crimson Tide gave no notice to Affordable prior to purchasing the Premises.
16. On August 31, 2020, a Promissory Note was executed between Crimson Tide and Citizens National Bank, N.A. ("Citizens") in connection with the purchase of the Premises.
17. On September 2, 2020, an "Assignment and Assumption of Lease" was executed between LT Management and Crimson Tide in connection with the purchase of the Premises.
18. On September 4, 2020, a "Pledge of Leases and Rents" was executed between Crimson Tide and Citizens in connection with the purchase of the Premises.
19. On August 31, 2020, Martin PDC sent notice to Affordable, via certified mail, of its intent to terminate all agreements with Affordable effective in 90 days (the "August 31 Letter").
20. In the same August 31, 2020 correspondence, Martin PDC stated, "pursuant to Paragraph 17 of the [Sub]lease, [Martin PDC] is providing notice that it will exercise its option to acquire [Affordable Care's] interest in the premises, including fixtures and equipment, as defined in the [Sub]lease."
21. On October 20, 2020, Dr. Martin notified Affordable Care that his entity, Crimson Tide, now owned the Premises, and directed Affordable Care to make rent payments to him going forward.
22. On October 26, 2020, Affordable executed three contracts with Thomas Kennedy, DDS of Louisiana II, A Professional Dental, LLC ("Kennedy"): (1) "Equipment Sale and Leaseback Agreement"; (2) "Secured Promissory Note"; (3) "Assignment of Lease" (collectively, the "Kennedy Assignment").
23. On October 28, 2020, Affordable sent a letter via overnight courier to Martin PDC, notifying Dr. Martin and the Practice of certain alleged material breaches of the MSA.
24. According to Section V(C)(2) of the MSA, upon notice of a material breach, and provided that such breach is subject to cure, "... the breaching party shall have a reasonable period (not to exceed thirty (30) days) after notice of breach from the other party to cure such breach…."
25. On November 24, 2020, Martin PDC, through counsel, sent a letter and a check for Fifty Thousand Dollars and No/100 ($50,000.00), via Federal Express to Affordable.

26. On November 24, 2020, Affordable mailed Martin PDC a Notice of Default, informing it that if it failed to cure the alleged breaches, it would be in default of the MSA as of November 29, 2020 at 12:01 AM.
27. The November 24, 2020 letter further reminded Martin PDC that the Sublease by its terms would contemporaneously terminate if the MSA terminates.
28. On November 29, 2020, Affordable sent Martin PDC a letter stating that "Affordable has cause to terminate the Services Contract under Section V(C)(2) of the Services Contract, that [Martin PDC] were provided with the required period to cure [Martin PDC's] material breaches of the Services Contract, and that [Martin PDC] elected not to cure, or even attempt to cure, [Martin PDC's] material breaches of the Services Contract. Accordingly, the Services Contract has terminated effective November 29, 2020 at 12:01 a.m., Shreveport, Louisiana time."
29. The November 29, 2020 letter further stated that, "[d]ue to the termination of the Services Contract, there is an 'automatic termination' of the [sublease] between Affordable and [Martin PDC]" under the express terms of the Sublease. "Accordingly, [Martin PDC] no longer has the right of possession of the property located at 416 Ashley Ridge Blvd, Shreveport, Louisiana 71106."
30. In the November 29, 2020 letter, Affordable gave Martin PDC until 12:01 AM on December 1, 2020, Shreveport, Louisiana time to cease operations and relinquish possession of the Premises.
31. By its own terms, the Sublease terminated on November 29, 2020, when the MSA terminated.
32. November 29, 2020 was also exactly ninety days after Martin PDC's notice of termination in the August 31 Letter, so the Sublease also terminated on November 29, 2020 due to Martin PDC's notice.
33. On or about November 29, 2020, Martin PDC removed Affordable's signage from the Premises, some of which was destroyed.
34. Affordable's signage was replaced with signage for a "Martin Dentures and Implants."
35. "Martin Dentures and Implants" has no legal relationship with Affordable or the Kennedy Practice.
36. After purchasing the Premises, Crimson Tide did not request, nor did it obtain an SNDA from its mortgage lender in favor of Affordable.
37. Affordable has continued paying rent under the Prime Lease to either Crimson Tide or the Court registry and has not missed a payment.
38. On November 30, 2020, Kristy Barton, an Affordable employee, removed limited items from the Premises.
39. On March 3, 2021, Affordable issued a correspondence titled "Notice of Default" to Crimson Tide as its new Landlord.
40. Crimson Tide did not respond to Affordable's correspondence titled "Notice of Default."

41. Martin PDC has not paid Affordable rent under the Sublease since the MSA terminated.
42. Edge Dental provides lab services.
43. Martin PDC and Crimson Tide have allowed Edge Dental to take possession of the dental laboratory at the Premises.
44. Martin PDC and Crimson Tide do not have any written lease agreement with Edge Dental.

E.

The contested facts are:
**By Martin PDC and Crimson Tide:**

1. In 2000, Martin PDC entered into an oral agreement with Affordable Care, Inc. for Affordable Care, Inc. to provide certain services to Martin PDC to support Martin PDC's practice, including providing an office which included a denture laboratory.
2. Dr. Martin was charged by the Louisiana State Dental Board (the "Dental Board") with violating La. R.S. 37:776(A)(9) and La. R.S. 37:776(A)(10) based on his affiliation with Affordable.
3. Affordable Care, Inc. and Dr. Martin filed suit against the Dental Board seeking approval of their proposed contracts.
4. Affordable Care, Inc. and Dr. Martin reached a resolution with the Dental Board concerning the proposed contracts between them which resulted in the MSA, ADDL, and Sublease.
5. Crimson Tide previously owned a building which Affordable leased from it in Independence, Missouri.
6. Crimson Tide utilized Thor St. John, with Matthews Real Estate as the broker for the sale of the building in Independence, Missouri and Shreveport, Louisiana.
7. Affordable did not purchase the building in Independence, Missouri from Crimson Tide.
8. During Crimson Tide's acquisition of the Premises, Jonathan Hipp or his agent, on behalf of LT Management, sent information concerning the Prime Lease and a financial analysis of the Prime Lease to Thor St. John to facilitate the sale of the Premises.
9. Dr. Martin and Crimson Tide gave no notice to Affordable prior to purchasing the Premises as no notice was required to be given under any of the operative contracts.
10. On August 31, 2020, Martin PDC sent notice to Affordable, via certified mail, of its intent to terminate all agreements with Affordable, without cause as it was permitted to do under the MSA, effective in 90 days.
11. The August 31 Letter requested that Affordable provide the documents Affordable believed to be necessary and proper to transfer Affordable's interest in the Premises, fixtures and

equipment (the "Dental Assets") to Martin PDC and requested Affordable to hire an appraiser to value the Dental Assets.
12. Affordable did not provide any of the requested documents in the August 31 Letter nor did Affordable hire an appraiser.
13. Defendants have an interest in not fulfilling the obligations imposed by Paragraph 17.
14. Sixty (60) days is a reasonable amount of time to complete the transaction required by Paragraph 17.
15. Ninety (90) days is a reasonable amount of time to complete the transaction required by Paragraph 17.
16. Through the Kennedy Assignment, Affordable sought to transfer all of its interest in the Dental Assets to Kennedy.
17. Affordable transferred the Dental Assets to Kennedy for the purpose of preventing Martin PDC from exercising its rights under Paragraph 17, a bad faith act.
18. Affordable filed a suit to evict Martin PDC from possession of the Premises, including the fixtures and equipment located therein, which was denied.
19. Affordable appealed the denial of the eviction, and the Louisiana Court of Appeal, Second Circuit (the "Second Circuit") affirmed the decision.
20. The Louisiana Supreme Court denied writs, and the Second Circuit decision became final. *See, Affordable Care, LLC v. Martin,* 2022-00784 (La. 09/20/22); 346 So. 3d 291.
21. On October 29, 2020, Affordable filed an arbitration action captioned *Affordable Care, LLC v. Jeffrey L. Martin, DDS, et al.*; AAA No. 01-20-0015-4639; American Arbitration Association, Raleigh, North Carolina.
22. Affordable has no trade secrets at issue in this litigation.
23. Plaintiffs did not misappropriate any trade secrets.
24. Plaintiffs did not misappropriate any confidential information.
25. Defendants have not incurred any damages pursuant to their claim of conversion of the Dental Assets.
26. Defendants have not incurred any damages pursuant to their claim for breach of peaceful possession of the Dental Assets.
27. Defendants have not incurred any damages pursuant to their claim against Crimson Tide for failure to obtain a subordination non-disturbance agreement.
28. Defendants have not incurred any damages pursuant to the alleged eviction of them from the Dental Assets.
29. Defendants have not incurred any damages pursuant to the alleged conversion of the Dental Assets.
30. Defendants have not incurred any damages under the theory of unjust enrichment for Martin PDC's use of the Dental Assets.
31. Defendants did not incur any damages pursuant to the removal of any signs.
32. Plaintiffs did not use any of Defendants' alleged confidential information.
33. Plaintiffs did not use any of Defendants' alleged trade secrets.
34. Defendants' unfair trade practice claims were brought in bad faith.

**By Affordable and the Kennedy Practice:**

1. Affordable Care, LLC has valid and binding Prime Lease on the property at issue, 416 Ashley Ridge Blvd. Shreveport, LA (the "Premises"), which is not subject to breach or defaulted.
2. Affordable Care, LLC has been evicted from the Premises.
3. Kennedy Practice has been barred from using its equipment and fixtures in the Premises and from exercising its right to occupy and use the Premises.
4. Martin Dentures and Implants, Martin PDC, and Edge Dental Solutions have no legal right to use, occupy, or benefit from the Premises.
5. Martin PDC and Crimson Tide have no right to use, possess, or benefit from Counter-Plaintiffs' equipment, supplies, and fixtures on the Premises.
6. Martin PDC had no right to remove and destroy Affordable's signage.
7. Crimson Tide has failed in its Lease obligations as Landlord to maintain Affordable's peaceful possession of the Premises.
8. Martin PDC is wrongfully possessing, using, and benefitting from Counter-Plaintiffs' Premises, equipment, supplies, and fixtures.
9. Martin PDC and Crimson Tide have engaged in unfair competitive tactics, including but not limited to the improper use of Affordable's confidential information and trade secrets, barring Affordable from operating unhindered and without competition in the marketplace, allowing a direct national competitor of Affordable, Edge Dental, to use and profit from Affordable's fully operational lab and use Affordable's equipment and supplies, and forcing Affordable to continue paying rent despite barring Affordable from the Premises and allowing a competitor to operate out of the Premises.
10. Counter-Plaintiffs have suffered damages due to Counter-Defendant's actions, including but not limited to lost rent, lost profits, lost share of the market, the price of its removed and destroyed signage, lost insurance premium payments, lost tax payments, and lost maintenance and upkeep payments.
11. Under the Prime Lease, Affordable has the right to occupy and use the Premises as Prime Tenant.
12. The current term of the Prime Lease is set to expire on August 31, 2025, with one option to extend the Lease for an additional five (5) year period until August 31, 2030.
13. Under the Prime Lease, Affordable Care has the right to occupy and use the Premises as Prime Tenant.
14. Under the terms of the Prime Lease, the Premises was constructed under Affordable's supervision, and Affordable acted as the landlord's agent in all aspects of the construction procedures.
15. Under the terms of the Prime Lease, Affordable provided all inspections of the Premises during its construction to ensure that the work met the intended results in accordance with the construction plans.

16. The purpose of the Sublease was to provide a dental office and related services pursuant to an Agreement to Provide Management Services to a Dental Practice between Landlord and Tenant (the "MSA).
17. Martin PDC failed to cure the breaches outlined in Affordable's letter of November 24, 2020.
18. After the termination of the MSA, Martin PDC no longer had the right to possess the Premises because the termination of the MSA resulted in the termination of the Sublease under the express terms of the Sublease.
19. The Prime Lease required Crimson Tide to obtain an SNDA from its mortgage lender in favor of Affordable.
20. The requirements of Section 17 of the Sublease were not satisfied prior to the termination of the Sublease.
21. Crimson Tide has taken no steps to restore the peaceful possession of the Premises by to its Tenant, Affordable.
22. Crimson Tide is in default of its obligations under the Lease.
23. Expensive pieces of equipment and materials owned/leased by Affordable and the Kennedy Practice remain on the Premises.
24. Edge Dental is a competitor of Affordable.
25. Martin PDC knew that Affordable had an interest in preventing its competitor, Edge Dental, from using its equipment, lease interest, and supplies.
26. Since disturbing Affordable's peaceful possession, Martin PDC and/or Edge Dental have continued to use Affordable's and the Kennedy Practice's equipment and materials.
27. Since November 29, 2020, Affordable and the Kennedy Practice are not allowed to enter the Premises to perform their work and utilize their lab, equipment, and supplies.

F.

The contested issues of law to be determined by the Court:

1. **Applicability and Legal Enforceability of Paragraph 17:**
    a. It is Martin PDC's contention that the plain language of Paragraph 17 requires Affordable and/or Kennedy to transfer its leasehold interest in the Premises as well as all of the equipment and fixtures located therein to Martin PDC.
    b. It is Counter-Plaintiff's contention that the plain language of Paragraph 17 requires all conditions precedent therein to be completed prior to the termination of the Sublease. The conditions were not completed prior to the termination of the Sublease because the Sublease terminated on November 29, 2020 due to the MSA terminating and due to Martin PDC's own decision to set termination at ninety days from its notice. Further, Section 17 is unenforceable due to its lack of key terms

and ambiguity. Moreover, Martin PDC failed to comply with its own obligations to satisfy Section 17.

2. <u>**Whether La. C.C. art. 1772 is Applicable Here:**</u>
   a. It is Martin PDC's contention that due to Affordable's refusal to comply with its obligations pursuant to paragraph 17, the bad faith tactics taken to avoid these obligations and the extreme delay caused by Affordable's actions, pursuant to La. C.C. art. 1772, the terms of paragraph 17 should be deemed fulfilled and the Dental Assets transferred without any additional performance on behalf of Martin PDC.
   b. It is Counter-Plaintiffs' contention that paragraph 17 Martin PDC failed in its own obligations to complete the fulfillment of Section 17 and even took actions contrary to its fulfillment. Further, nothing in paragraph 17 required Counter Plaintiffs to act in the way claimed by Martin PDC. Alternatively, Section 17 is unenforceable due to its lack of key terms, and ambiguity. It was Martin PDC's own actions in terminating the Sublease and the MSA (whether through his breach of the MSA or his own notice that he intended to terminate the MSA) which resulted in conditions of paragraph 17 not being satisfied prior to the termination of the Sublease. All of Affordable's actions have been legal, fully within its rights, and in fact, specifically contemplated by the Sublease itself, and conducted for sound business reasons and thus were not conducted in "bad faith."

3. <u>**Whether, pursuant to La. C.C. art. 1778, 60 or 90 days is a reasonable amount of time to complete the transaction contemplated by Paragraph 17:**</u>
   a. Alternatively, should this Honorable Court determine that La. C.C. art. 1772 is inapplicable in this matter, it is Martin PDC's contention that sixty (60) days, but no more than ninety (90) days, is more than a reasonable amount of time for Affordable and/or Kennedy to provide any information required pursuant to Paragraph 17 and to provide the fair market value of the Dental Assets.
   b. In response to this proposed issue of law by Plaintiffs, Affordable and the Kennedy Practice note that under the plain language of Section 17, the only time requirement for completion of the many conditions therein is that they must be satisfied prior to the termination of the Sublease. The Sublease, however, terminated due to Martin PDC's own actions and the conditions were not satisfied prior thereto. Counter-Plaintiffs also contend that Section 17 is unduly vague such that it is unenforceable, and further, Martin PDC failed to take actions necessary for its completion.

4. <u>**Correct Lessee Pursuant to the Prime Lease:**</u>
   a. It is Martin PDC's contention it is the proper lessee of the Prime Lease pursuant to the requirements of paragraph 17.
   b. It is Counter-Plaintiffs' contention that Affordable is the proper lessee pursuant to the Prime Lease. Notably, there has never been any assignment of the Prime Lease or transfer of rights under such Prime Lease to Martin PDC.

5. <u>**Validity of the Sublease.**</u>

   a. Affordable and the Kennedy Practice's contention that the Sublease terminated on November 29, 2020, and Martin PDC's right to possess the Premises terminated with it.
   b. Martin PDC agrees that the Sublease has terminated, but it is Martin PDC's contention that because of Defendants' failure to comply with the terms of Paragraph 17, it still has the right to possess the Dental Assets, as was confirmed by the State Court proceedings.
6. **Right to Possess the Premises:**
   a. It is Affordable's contention that it has a valid Prime Lease and thus the legal right to possess and use the Premises.
   b. It is Martin PDC's contention that once Defendants comply with their obligations under Paragraph 17 of the Sublease, it will have assumed the Prime Lease.
7. **Whether Crimson Tide breached its duty to maintain Affordable's peaceful possession of the Premises:**
   a. It is Martin PDC's contention that Affordable does not have the right to possession of the Dental Assets as determined in State Court. Further, it is Martin PDC's contention that pursuant to the plain language of Paragraph 17, Affordable and/or Kennedy had the obligation to transfer the Dental Assets to Martin PDC.
   b. It is Counter-Plaintiffs' contention that Affordable has a right to peaceful possession pursuant to its position as lessee under the Prime Lease, and Crimson Tide, as landlord, has failed to protect Affordable's peaceful possession. Affordable properly gave notice of default to Crimson Tide, which Crimson Tide failed to respond to at all.
8. **Whether Affordable sustained damages pursuant to its claim that Crimson Tide breached a duty to maintain Affordable's peaceful possession of the Premises.**
   a. It is Crimson Tide's contention that Affordable has failed to identify any damages attributable to this allegation.
   b. It is Counter-Plaintiffs' contention that it has sustained and identified damages attributable to this allegation.
9. **Defendants' claim for damages pursuant to Crimson Tide's failure to obtain a subordination and non-disturbance agreement ("SNDA") in favor of Affordable:**
   a. It is Crimson Tide's contention that neither Affordable nor Kennedy incurred any damages pursuant to Crimson Tide's alleged failure to obtain a SNDA in favor of Affordable. Additionally, it is Crimson Tide's contention that no SNDA was required to be obtained in favor of Counter-Plaintiffs because Martin PDC will be the rightful possessor under the Prime Lease.
   b. It is Counter-Plaintiffs' contention that Crimson Tide's failure to obtain an SNDA is a breach of the Prime Lease. Affordable is entitled to seek specific performance if not damages related to this breach.
10. **Defendants' claim for damages pursuant to an alleged conspiracy between Martin PDC and Crimson Tide to evict Affordable and/or Kennedy from the Dental Assets:**

    a. It is Martin PDC and Crimson Tide's contention that there was no conspiracy to evict anyone from the Dental Assets. Additionally, Defendants have failed to identify any damages attributable to this claim.

    b. It is Counter-Plaintiffs' contention that Martin PDC and Crimson Tide acted in concert to evict Counter-Plaintiffs from the Premises. Counter-Plaintiffs seeks damages for lost rent, insurance, taxes, and other expenses, along with lost profits, property damage, conversion (loss of use) of the equipment and Premises, loss of business opportunity, and attorneys' fees and costs

11. **Defendants' claim for damages pursuant to an alleged conversion of the Dental Assets:**

    a. It is Martin PDC and Crimson Tide's contention that no Dental Assets were converted. Additionally, Defendants have failed to identify any damages attributable to this claim.

    b. It is Counter-Plaintiffs' contention that Martin PDC and Crimson Tide continue to possess and utilize Counter-Plaintiffs' equipment and supplies with no legal right to do so. Counter-Plaintiffs own/lease the equipment and supplies and have not transferred any rights therein to Martin PDC or Crimson Tide. Counter-Plaintiffs seeks damages for lost rent, insurance, taxes, and other expenses, along with lost profits, property damage, conversion (loss of use) of the equipment and Premises, loss of business opportunity, and attorneys' fees and costs.

12. **Defendants' claim for damages under the theory of unjust enrichment pertaining to Martin PDC's use of the Dental Assets:**

    a. It is Martin PDC's contention that claim lacks factual merit as Martin PDC was permitted to use the Dental Assets under the Sublease, and the only reason ownership of the Dental Assets has not heretofore transferred is Counter-Plaintiffs' bad faith delay. Additionally, Defendants have failed to identify any damages attributable to this claim.

    b. Martin PDC has continued to use, benefit, and profit from Counter-Plaintiffs' materials and equipment, performing dental procedures, without compensating Counter-Plaintiffs' for such use, and benefitting from Counter-Plaintiffs' rent, insurance, taxes, and other expenses paid by Counter-Claimants for the Premises. Counter-Plaintiffs seeks damages for lost rent, insurance, taxes, and other expenses, along with lost profits, property damage, conversion (loss of use) of the equipment and Premises, loss of business opportunity, and attorneys' fees and costs.

13. **Defendants' claim for damages for the removal of Affordable's sign from the Premises:**

    a. It is Martin PDC's contention that Affordable incurred no damages from the removal of the sign at the Premises. The sign was a joint sign that listed the names of Martin PDC as well as Affordable and could not be reused. Additionally, any ownership interests as to the sign should be transferred to Martin PDC pursuant to paragraph 17.

    b. It is Counter-Plaintiffs' contention that the sign could have been reused and/or modified. The damages sustained are the costs of replacement signage.

14. **Defendants' claims for damages pursuant to Louisiana's Unfair Trade Practice Act ("LUTPA") for the alleged sharing of "confidential information" and "trade secrets" during Crimson Tide's purchase of the Premises and a "wrongful eviction":**
    a. It is Martin PDC and Crimson Tide's contention that neither Affordable nor Kennedy have a claim pursuant to LUTPA. Any information utilized by Crimson Tide during the purchase of the Premises was not "confidential" and was not a "trade secret".  Further, any LUTPA claim based on a "wrongful eviction" is precluded by the State Court proceedings which determined that Martin PDC has the right to possess the Dental Assets. While Plaintiff acknowledges the Court's ruling concerning their preclusion argument, Plaintiffs believe that the State Court proceedings are relevant for purposes of showing that Plaintiffs were not in bad faith in their continued occupancy of the Premises.
    b. It is Counter-Plaintiffs' contention that they have claims pursuant to LUTPA due to Counter-Defendants' unfair competitive tactics, including but not limited to the improper use of Affordable's confidential information and trade secrets, barring Affordable from operating unhindered and without competition in the marketplace, allowing a direct national competitor of Affordable, Edge Dental, to use and profit from Affordable's fully operational lab and use Affordable's equipment and supplies, and forcing Affordable to continue paying rent despite barring Affordable from the Premises and allowing a competitor to operate out of the Premises.

15. **Plaintiffs' claims for costs and attorney's fees for defending against the LUTPA claims:**
    a. It is Plaintiffs' contention that they are entitled to the costs and attorney's fees incurred in defending against Defendants' LUTPA claims as they are without any merit whatsoever and brought in bad faith.
    b. It is Counter-Plaintiffs' contention that Plaintiffs are entitled no such relief. Counter-Plaintiffs' LUTPA claims are well-founded and not precluded by the state court summary eviction proceeding, which addressed no such allegations. Further, the Plaintiffs failed to make a demand for attorneys' fees and are thus barred from doing so now.

16. **Defendants' claims for attorneys' fees and costs under the Prime Lease, Sublease, and LUTPA:**
    a. It is Counter-Plaintiffs' contention that they are entitled to attorneys' fees and costs under R.S. 51:1405 ("LUTPA"). Counter-Plaintiffs are also entitled to recover their attorneys' fees and costs pursuant to the Prime Lease (Paragraph 18) and Sublease (Paragraph 18(b)), which provide for the recovery of costs and expenses, including reasonable attorneys' fees.
    b. It is Plaintiffs' contention that Counter-Plaintiffs are not entitled to attorneys' fees and costs under La. R.S. 51:1405, the Prime Lease, or the Sublease as Counter-

Plaintiffs cannot prove any breach. Additionally, it is Plaintiffs' contention that Counter-Plaintiffs have not alleged any breach under the Sublease.

G.

The following depositions and answers to interrogatories will be offered in evidence:

1. Any discovery responses or depositions needed for impeachment purposes.

H.

The E-Government Act requires that all witness lists be filed by the clerk under seal. Therefore, witness lists shall **not** be included within, or submitted as an exhibit or attachment to, the pretrial order. Instead, the parties are instructed to file, contemporaneously with the filing of the pretrial order, a JOINT witness list (as a separate filing) that: (1) identifies all expert and fact witnesses expected to be called at trial; (2) includes a brief summary of each witnesses' expected testimony; and (3) sets forth any objection to the testimony of a listed witness. All objections shall identify the objected party and provide a pinpoint citation to the applicable Federal Rule of Evidence and any other supporting authority. The joint witness lists shall be separated by party and divided into "may call" and "will call" categories. Witnesses who are called exclusively for impeachment need not be listed.

I.

Other than the objections specifically noted herein as indicating the objecting party, the Federal Rule of Evidence and any pinpoint citation support the objection there is no objection to the exhibits listed below, except as follows:

1. Sublease.
2. MSA.
3. ADDL Agreement
4. August 31, 2020 Letter from Martin PDC to Affordable.
5. Photograph of Martin PDC/Affordable sign.
6. Email chain dated October 20, 2020, regarding payments to Crimson Tide.
7. Second Amended Demand for Arbitration.
    a. Counter-Plaintiffs object to this exhibit on grounds of relevance and prejudice. The evidence would be irrelevant under Federal Rules of Evidence 401 and 402. Any probative value such evidence conceivably could have would be substantially outweighed by the danger of unfair prejudice, confusion of issues, misleading the jury, or wasting judicial resources, contrary to Federal Rule of Evidence 403.
8. Assignment of Lease between Affordable and Kennedy.

9. Sale and Leaseback between Affordable and Kennedy.
10. November 24, 2020 Letter from Martin PDC to Affordable with scan of accompanying check.
11. Affidavit of Kristy Barton.
12. Email dated June 9, 2020, from Jonathan Hipp to Thor St. John and attachments.
13. Transcript from Louisiana State District Court dated December 10, 2020.
    a. Counter-Plaintiffs object to this exhibit on grounds of relevance and prejudice. The evidence would be irrelevant under Federal Rules of Evidence 401 and 402. Any probative value such evidence conceivably could have would be substantially outweighed by the danger of unfair prejudice, confusion of issues, misleading the jury, or wasting judicial resources, contrary to Federal Rule of Evidence 403.
14. Transcript from Louisiana State District Court dated February 5, 2021.
    a. Counter-Plaintiffs object to this exhibit on grounds of relevance and prejudice. The evidence would be irrelevant under Federal Rules of Evidence 401 and 402. Any probative value such evidence conceivably could have would be substantially outweighed by the danger of unfair prejudice, confusion of issues, misleading the jury, or wasting judicial resources, contrary to Federal Rule of Evidence 403.
15. Louisiana State District Court Judgment dated March 19, 2021.
    a. Counter-Plaintiffs object to this exhibit on grounds of relevance and prejudice. The evidence would be irrelevant under Federal Rules of Evidence 401 and 402. Any probative value such evidence conceivably could have would be substantially outweighed by the danger of unfair prejudice, confusion of issues, misleading the jury, or wasting judicial resources, contrary to Federal Rule of Evidence 403.
16. Louisiana Court of Appeal, Second Circuit, Opinion.
    a. Counter-Plaintiffs object to this exhibit on grounds of relevance and prejudice. The evidence would be irrelevant under Federal Rules of Evidence 401 and 402. Any probative value such evidence conceivably could have would be substantially outweighed by the danger of unfair prejudice, confusion of issues, misleading the jury, or wasting judicial resources, contrary to Federal Rule of Evidence 403.
17. Amended Petition, dated February 8, 2021.
    a. Counter-Plaintiffs object to this exhibit on grounds of relevance, prejudice, and hearsay. The evidence would be irrelevant under Federal Rules of Evidence 401 and 402. Any probative value such evidence conceivably could have would be substantially outweighed by the danger of unfair prejudice, confusion of issues, misleading the jury, or wasting judicial resources, contrary to Federal Rule of Evidence 403. This evidence is also inadmissible hearsay under Rule 801.
18. Affordable's Answer, Affirmative Defenses, Counterclaim, Third Party Demand, and Request for Trial by Jury dated April 5, 2021.
19. Prime Lease and all amendments thereto
20. Affordable letter dated 10/28/20
21. Affordable letter dated 11/24/20

22. Affordable letter dated 11/29/20
23. Email from Dr. Martin to Stacy Dart dated 5/20/20
24. Philip Moon Email dated 6/17/20
25. Email dated 6/19/20 between Dr. Martin and Thor St. John re: appraiser
26. Emails dated 8/17/20 between Mike Belanger and Dr. Martin
    a. Plaintiffs object to this exhibit on the grounds of relevance. The evidence would be irrelevant under Federal Rules of Evidence 401 and 402.
27. Email response dated 8/17/20 between Mike Belanger and Dr. Martin
28. Email with financial report dated 8/9/20
    a. Plaintiffs object to this exhibit on the grounds of relevance. The evidence would be irrelevant under Federal Rules of Evidence 401 and 402.
29. Email dated 8/26/20 between Dr. Martin and Mike Thomas
    a. Plaintiffs object to this exhibit on the grounds of relevance. The evidence would be irrelevant under Federal Rules of Evidence 401 and 402.
30. Text Messages dated 6/17/20
    a. Plaintiffs object to this exhibit on the grounds of relevance. The evidence would be irrelevant under Federal Rules of Evidence 401 and 402.
31. Edge Dental Solutions, LLC Statements
    a. Plaintiffs object to this exhibit on the grounds of relevance. The evidence would be irrelevant under Federal Rules of Evidence 401 and 402.
32. 8/11/20 Text Message with Thor St. John
    a. Plaintiffs object to this exhibit on the grounds of relevance. The evidence would be irrelevant under Federal Rules of Evidence 401 and 402. Plaintiffs also object on the ground that any probative value of the evidence is substantially outweighed by any prejudice and/or misleading the jury under Federal Rule of Evidence 403.
33. 12/10/20 Text Message with Thor St. John
    a. Plaintiffs object to this exhibit on the grounds of relevance. The evidence would be irrelevant under Federal Rules of Evidence 401 and 402.
34. 1/22/20 E-Mail Hipp/Moreno
    a. Plaintiffs object to this exhibit on grounds of relevance, prejudice, and hearsay. The evidence would be irrelevant under Federal Rules of Evidence 401 and 402. Any probative value such evidence conceivably could have would be substantially outweighed by the danger of unfair prejudice, confusion of issues, misleading the jury, or wasting judicial resources, contrary to Federal Rule of Evidence 403. This evidence is also inadmissible hearsay under Rule 801.
35. 5/6/20 Letter of Intent/Proposal to Purchase with mark-ups
36. 1/21/20 Proposal to Purchase
37. Email chain between Hipp and St. John last dated 5/12/20
    a. Plaintiffs object to this exhibit on grounds of relevance, prejudice, and hearsay. The evidence would be irrelevant under Federal Rules of Evidence 401 and 402. Any probative value such evidence conceivably could have would be substantially

   outweighed by the danger of unfair prejudice, confusion of issues, misleading the jury, or wasting judicial resources, contrary to Federal Rule of Evidence 403. This evidence is also inadmissible hearsay under Rule 801.

38. Email chain between Hipp and St. John last dated 6/18/19
    a. Plaintiffs object to this exhibit on the grounds of relevance and hearsay. The evidence would be irrelevant under Federal Rules of Evidence 401 and 402.
39. Email chain between Hipp and St. John last dated 11/18/20
40. Act of Cash Sale 8/31/20
41. Assignment and Assumption of Lease 9/2/20
42. Pledge of Leases and Rents 9/4/20
43. Landlord Notice of Default 3/3/21
44. Promissory Note between Crimson Tide and Citizens
    a. Plaintiffs object to this exhibit on grounds of relevance, prejudice, and hearsay. The evidence would be irrelevant under Federal Rules of Evidence 401 and 402. Any probative value such evidence conceivably could have would be substantially outweighed by the danger of unfair prejudice, confusion of issues, misleading the jury, or wasting judicial resources, contrary to Federal Rule of Evidence 403. This evidence is also inadmissible hearsay under Rule 801.
45. Citizens Bank Loan Approval Memorandum
    a. Plaintiffs object to this exhibit on grounds of relevance, prejudice, and hearsay. The evidence would be irrelevant under Federal Rules of Evidence 401 and 402. Any probative value such evidence conceivably could have would be substantially outweighed by the danger of unfair prejudice, confusion of issues, misleading the jury, or wasting judicial resources, contrary to Federal Rule of Evidence 403. This evidence is also inadmissible hearsay under Rule 801.
46. August 11, 2020- Assignment and Assumption of Membership Interest for Crimson Tide

47. Email from Churchill Hooff to Jordan Gray with the income statement dated 6/24/20
48. Proposed Lease Amendment 7/15/2020 sent via email from Kathy Miller.
    Counter Plaintiffs object to this exhibit on grounds of relevance, prejudice, and hearsay. The evidence would be irrelevant under Federal Rules of Evidence 401 and 402. Any probative value such evidence conceivably could have would be substantially outweighed by the danger of unfair prejudice, confusion of issues, misleading the jury, or wasting judicial resources, contrary to Federal Rule of Evidence 403.
49. Letter from Dental Board to Jeff Martin 2/8/2002.
    Counter Plaintiffs object to this exhibit on grounds of relevance, prejudice, and hearsay. The evidence would be irrelevant under Federal Rules of Evidence 401 and 402. Any probative value such evidence conceivably could have would be substantially outweighed by the danger of unfair prejudice, confusion of issues, misleading the jury, or wasting judicial resources, contrary to Federal Rule of Evidence 403.

50. Martin PDC's Petition for Declaratory Judgment and Injunctive Relief
51. Defendants' Supplemental Production of 11/10/22, Bates Stamped Affordable and Kennedy 000301-000441.
    a. Plaintiffs object to these exhibits due to Defendants' untimely production as more fully explained in *Martin PDC's and Crimson Tide's Motion in Limine* (R. Doc. 70). Additionally, Plaintiffs object on the grounds of relevance, prejudice and authenticity. Any probative value such evidence conceivably could have would be substantially outweighed by the danger of unfair prejudice, confusion of issues, misleading the jury, or wasting judicial resources, contrary to Federal Rule of Evidence 403.
52. Financial spreadsheets related to the Shreveport Premises and Martin PDC's practice.
    a. Plaintiffs object to these exhibits due to Defendants' untimely production as they were produced thirty minutes before the due date of this order. Additionally, Plaintiffs object on the grounds of relevance, prejudice and authenticity. Any probative value such evidence conceivably could have would be substantially outweighed by the danger of unfair prejudice, confusion of issues, misleading the jury, or wasting judicial resources, contrary to Federal Rule of Evidence 403.
53. All parties also intend to use demonstrative exhibits to aid the presentation of evidence to the jury at trial, which will be discussed more fully at the pretrial conference.

J.

This is a jury trial case, with the jury trial applicable to all aspects of the case. Anticipated length of the trial is three (3) days.

K.

The issue of liability should not be tried separately from that of quantum.

L.

The undersigned hereby certify that this Pretrial Order has been formulated after telephone conferences in which trial counsel for all parties were included. Reasonable opportunity has been afforded to counsel for corrections or additions prior to signing. Hereafter, this Order shall control the course of the trial and may not be modified except by consent of the parties and the Court, or by the order of the Court to prevent manifest injustice.

APPROVED AS TO FORM AND CONTENT:

| | |
|---|---|
| /s/Michael Marino | /s/Nancy A. Cundiff |
| Signature of Attorney for Plaintiff | Signature of Attorney for Defendant |

| | |
|---|---|
| Allison A. Jones (#16990) | |
| Michael A. Marino (#32572) | Nancy A. Cundiff (#27974) |
| Marcus D. Sandifer (#39326) | Caroline J. Mowrey (#37295) |
| Downer, Jones, Marino & Wilhite, L.L.C. | Lewis Brisbois Bisgaard & Smith LLP |
| 401 Market Street, Suite 1250 | 400 Poydras Street, Suite 1300 |
| Shreveport, Louisiana 71101 | New Orleans, Louisiana 70130 |
| 318-213-4444 | 504-302-4100 |
| Facsimile: 318-213-4445 | Facsimile: 504-754-7569 |
| E-Mails: mmarino@dhw-law.com | E-Mails: Nancy.Cundiff@lewisbrisbois.com |
| msandifer@dhw-law.com | Caroline.Mowrey@lewisbrisbois.com |
| ajones@dhw-law.com | |
| | and |
| | Thomas A. Pressly, IV (#35286) |
| | Pettiette, Armand, Dunkelman, Woodley, Byrd & Cromwell, L.L.P. |
| | 400 Texas Street, Suite 400 (71101) |
| | P. O. Box 1786 |
| | Shreveport, Louisiana 71166-1786 |
| | 318-221-1800 |
| | Facsimile: 318-226-0390 |
| | E-Mail: tpressly@padwbc.com |

ACTION BY THE COURT

THE FOREGOING Pretrial Order has been approved by the parties to this action as evidenced by the signature of their counsel hereon, and the Order is hereby entered and will govern in the trial of this case.

Shreveport, Louisiana, this _____ day of _____, 2022.

_____
S. MAURICE HICKS, CHIEF JUDGE