**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

JEFFERY LEE MARTIN                                    CIVIL ACTION NO. 21-0585

VERSUS                                                          JUDGE S. MAURICE HICKS, JR.

AFFORDABLE CARE, LLC, ET AL.              MAGISTRATE JUDGE HORNSBY

**MEMORANDUM ORDER**

Before the Court is a Motion for Reconsideration (Record Document 134) filed by Jeffery Lee Martin, DDS, A Professional Dental Corporation ("Martin PDC") and Third-Party Defendant Crimson Tide Investments, LLC ("Crimson Tide"), who will be jointly referenced as Plaintiffs.  Plaintiffs seek reconsideration of the Court's November 28, 2022 Memorandum Ruling and Order, which denied Plaintiffs' Motion for Summary Judgment. See id.  More specifically, they contend there are no disputed issues of material fact concerning the Section 17 option or exercise thereof which would preclude granting summary judgment.  See Record Document 134-1 at 2.  Plaintiffs also submit there are no material facts in dispute relating to the Louisiana Uniform Trade Secrets Act ("LUTSA")/Louisiana Unfair Trade Practices Act ("LUTPA") counterclaim against them stemming from Crimson Tide's acquisition of the premises at issue.  See id. at 12. Defendants Affordable Care, LLC ("Affordable") and Thomas Kennedy, DDS of Louisiana II, A Professional Dental LLC ("Kennedy PDLLC"), who will be jointly referenced as "Defendants," opposed the Motion for Reconsideration (Record Document 142) and Plaintiffs replied (Record Document 143).  For the reasons set forth below, the Motion for Reconsideration is **DENIED**.

While the Federal Rules of Civil Procedure do not formally recognize the existence of motions for reconsideration, district courts generally consider such motions under Rule 60(b) or Rule 59(e).  See Miller Pharmacy Services, L.L.C. v. AmerisourceBergen Drug Corp., No. 3:21-00207, 2021 WL 2627452, at *3 (W.D. La. 2021).  Here, because Plaintiffs move to reconsider an interlocutory order, the instant motion is controlled by Rule 54(b) of the Federal Rules of Civil Procedure.  See id.  Under this rule, any order or decision that adjudicates fewer than all the claims may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities. See Fed. R. Civ. Proc. 54(b).

While the district court enjoys broad discretion in deciding a Rule 54(b) motion to reconsider and the standard imposed is less exacting, courts largely consider factors that inform the Rule 59 and Rule 60 analysis. See Miller, 2021 WL 2627452, *2; see also McClung v. Gautreaux, No. 11-263, 2011 WL 4062387, at *1 (M.D. La. Sept. 13, 2011). The district court weighs whether there are "manifest errors of law or fact upon which judgment is based[,]" whether "new evidence" is available, whether there is a need "to prevent manifest injustice," or whether there has been "an intervening change in controlling law." Miller, 2021 WL 2627452, at *3.  Pursuant to Rule 54(b), a district court has the power to reconsider an interlocutory order "for cause seen by it to be sufficient." Id.  Yet, a motion for reconsideration is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of the order.  See Templet v. HydroChem Inc., 367 F.3d 473, 478-79 (5th Cir. 2004). Reconsideration is "an extraordinary remedy that should be used sparingly." Jackson v.

<u>Standard Mortg. Corp.</u>, No. 6:18-CV-00927, 2020 WL 133550, at *2 (W.D. La. Jan. 10, 2020).

In its November 2022 ruling, this Court held "that the option provided for in Section 17 is valid and enforceable; Affordable's Motion for Partial Summary Judgment asserting that Section 17 is not an enforceable option is **DENIED**."  Record Document 71 at 13. Next, the Court considered whether Martin PDC had validly exercised its option.  <u>See id.</u> at 13-14.  The Court described the positions of the parties as follows:

> Martin PDC seeks summary judgment declaring that it has taken all necessary steps to comply with its requirements under Section 17.  . . . Affordable likewise argues that it is entitled to summary judgment declaring that Affordable made the good faith determination, pursuant to Section 17(b) and 17(c), that no documents would be necessary or prudent to satisfy its obligation because Kennedy PDLLC would not allow Martin PDC to acquire Affordable's interest in the equipment (thus rendering its performance impossible).

<u>Id.</u>  The Court ultimately concluded that the "record confirm[ed] the fact that there is categorical disagreement on crucial factual issues relating to the exercise of Section 17." <u>Id.</u> at 14.  Such disagreement could only be resolved by the trier of fact making credibility determinations, thus the Court held "this matter inappropriate for summary judgment."  <u>Id.</u> Both motions for summary judgment were denied on the issue of whether the parties complied with their obligations under Section 17.  <u>See id.</u>

It is undisputed that the Court previously held that Section 17 of the Sublease is a valid contractual option.  Yet, the parties contest whether Martin DDS successfully exercised that option.  The option to acquire premises or assume the Prime Lease contained in Section 17 is subject to multiple conditions.  <u>See</u> Record Document 47-4 at 10-11. Martin DDS argues that its acceptance of the option bound the parties to a contract of sale and that Affordable's failure to comply with its contractual obligations does not

excuse its nonperformance.   See Record Document 134-1 at 11-12.   Conversely,

Affordable categorically disagrees and offers facts raising genuine disputes as to the

completion of the conditions set forth in Section 17 (b-d) and thus whether the option was

exercised.  Again, this Court believes that the record in this matter contains crucial factual

disputes relating to the exercise of Section 17.  Such disputes will necessarily involve

credibility determinations and must be resolved by the trier of fact, not this Court at the

summary judgment stage.  Therefore, Plaintiffs have failed to make the requisite showing

for this Court to grant the extraordinary remedy of reconsideration.   The Motion for

Reconsideration is **DENIED** on the issue of whether the parties complied with their

obligations under Section 17's option provision.

Defendants filed a counterclaim seeking damages relating to unfair trade practices

stemming from Crimson Tide's acquisition of the premises at issue.  While Plaintiffs

contend that such claim is a LUTPA/LUTSA claim, Defendants clarify they are proceeding

under LUTPA alone.   See Record Document 142 at 13.   Defendants now seek

reconsideration of the Court's previous ruling denying summary judgment on the LUTPA

counterclaim.  In its previous ruling, the Court held:

> Courts within the Fifth Circuit generally reject summary judgment in cases where motive, intent, subjective feelings and reactions, consciousness and conscience are to be searched, and examination and cross-examination are necessary instruments in obtaining the truth. See Jones v. Borden Co., 430 F.2d 568, 574 (5th Cir. 1970).
> While a review of the record shows that the dates on which certain events occurred are not in dispute, it is clear to the Court that there are genuine issues of material fact surrounding each party's subjective motivations that accompanied the objective actions, that is, the motive and intent behind the parties' timing of certain events. Each party's brief contains clear factual gaps, and each party has omitted facts that might put their respective motivations in a bad light, perhaps for the purpose of attempting to frame factual disputes as legal issues in order to prevail on summary judgment. The Court finds these arguments unpersuasive and inappropriate

for consideration at the summary judgment stage. Whether the parties acted in good faith is an issue that is best reserved for the finder of fact to decide, and it would be inappropriate for the Court to make such a determination at the summary judgment stage. Therefore, summary judgment is **DENIED** as to all remaining claims, counterclaims, and third-party demands.

Record Document 71 at 17-18.  After a review of the record and briefing in relation to the instant motion, this Court finds insufficient cause for reconsideration of its previous ruling relating to the LUTPA counterclaim.  Plaintiffs have provided the Court with no new legal theories and have rehashed their previously submitted evidence and arguments.  Thus, the Motion for Reconsideration is **DENIED** as to the LUTPA counterclaim.

**IT IS SO ORDERED.**

**THUS DONE AND SIGNED**, in Shreveport, Louisiana on this 4th day of June, 2024.

_____
United States District Judge